# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY E. OWENS, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 17-CV-240-JED-FHM |
| DAVID L. MOSS CRIMINAL JUSTICE CENTER, | ) |
|       Defendant. | ) |

## OPINION AND ORDER

Before the Court is the Motion to Dismiss (Doc. 11) filed by the defendant, David L. Moss Criminal Justice Center ("David L. Moss"). Plaintiff filed a response, titled "Motion to O[b]ject [to] Dismiss[al] For Relief In My Claim, And Ask The Magistrate: For . . . Speed[y] Tr[ia]l 12 Jur[ors] – Cashier Checks" (Doc. 12), and defendant filed a Reply (Doc. 13).

**I.      Background**

Plaintiff, proceeding pro se, filed his original Complaint (Doc. 1) on May 1, 2017. The Complaint identified David L. Moss as a defendant, as well as a mail clerk (identified as "Mail Clerk Martinez") and a law librarian (identified as "Ms. Wallace")—both of whom presumably work at the jail. *Id*. Because plaintiff's Amended Complaint (Doc. 10), filed on July 19, 2017, lists only David L. Moss in the case style, Mail Clerk Martinez and Ms. Wallace were terminated from the case as of the date of that filing.

Plaintiff asserts jurisdiction pursuant to 42 U.S.C. § 1983, and his Complaint lists two counts: "Mail Clerk manifest injustice" and "law librarian Manifest injustice." (Doc. 1). In support of the first count, he states, "Mail clerk won't mail my mail out." *Id*. In support of the second count, he states, "Clear error in their operation with inmate for due process . . . I wasn't

able to go [to] the law library like [the] Handbook said." *Id*. Plaintiff is seeking both compensatory and punitive damages. *Id*.

## II. Legal Standards

"[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlanta Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff is proceeding pro se, and the court "must construe his arguments liberally." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). Nevertheless, a district court should not "assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110. A court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The liberal standard applicable to a pro se plaintiff "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110.

## III. Discussion

Even construing plaintiff's Complaint and Amended Complaint liberally, this case must be dismissed for failure to state a claim. Most of plaintiff's allegations are conclusory; he alleges, for example, "misuse of power," "principles of fairness," "clear error," and "manifest injustice for due process" (Doc. 1). The few statements that are more concrete are still insufficient to form the basis of a §1983 claim.

The U.S. Constitution "guarantees state inmates the right to 'adequate, effective, and meaningful' access to the courts." *Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir. 1993) (quoting *Bounds v. Smith*, 430 U.S. 817, 822 (1977)). "States may assure this right by providing law libraries or lawyer assistance." *Craft v. Middleton*, 524 Fed. App'x 395, 400 (10th Cir. 2013). In any event, states must provide indigent inmates with the tools necessary to draft, authenticate, and mail legal documents. *Bounds*, 430 U.S. at 824-25.

But there exists no "abstract, freestanding right to a law library or legal assistance"—plaintiffs must show actual injury in order to prevail. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). An inmate "must allege facts indicating a denial of legal resources and that the denial of such resources hindered his efforts to pursue a nonfrivolous claim." *Montana v. Lampert*, 262 Fed. App'x 914, 917 (10th Cir. 2008). Specifically, the hindered legal claim must have been an attempt by the inmate to challenge his sentence or the conditions of his confinement. *Lewis*, 518 U.S. at 355. ("Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.").

Plaintiff has failed to adequately allege actual injury in his pleadings. He alleges the mail clerk "won't mail [his] mail out," (Doc. 1), the mail clerk "return[s] [his] mail because [he] was ind[i]gent," (Doc. 10), and he "wasn't able to go [to] the law library like [the] Handbook said." (Doc. 1). Within his Complaint, plaintiff also states, "Clear error in [mailing] my legal work to U.S. District Court." (Doc. 1). Without more, it is unclear whether the alleged library and mailroom issues hindered him from making a legal claim, and it is impossible to know if such legal claim, if it existed, was of the type necessary to satisfy the injury requirement in this context. *See Lewis*, 518 U.S. at 354-355, *Montana*, 262 Fed. App'x at 917.

3

## IV. Conclusion

For the reasons set forth above, plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 10) are hereby dismissed without prejudice. Defendant's Motion to Dismiss (Doc. 11) is hereby **granted**.

**ORDERED** this 18th day of August, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE